2007 UT 69

**STATE of Utah, In the Interest of A.F., a person under eighteen years of age.**

**C.M.F., Petitioner,**

**v.**

**State of Utah, Respondent.**

**No. 20060648.**

Supreme Court of Utah.

Aug. 24, 2007.

Scott L. Wiggins, Salt Lake City, Daniel G. Shumway, Layton, for petitioner.

Mark L. Shurtleff, Att'y Gen., Carol L.C. Verdoia, John M. Peterson, Asst. Att'ys Gen., for respondent.

Martha Pierce, Salt Lake City, Katharina Christensen, Layton, for real party in interest.

DURHAM, Chief Justice:

## BACKGROUND

¶ 1 When A.F. (the Child) was born on August 23, 2004, urine tests showed that he had methamphetamine in his system, and C.M.F. (the Mother) admitted that she had used the drug the day before. The Division of Child and Family Services (the Division) removed the Child from the Mother's custody four days later. The juvenile court subsequently established the Child's primary permanency goal as reunification and ordered reunification services and compliance with the service plan. At the permanency hearing held eight months after the Child's removal from the Mother's custody, the juvenile court found that the Mother had failed to substantially comply with the service plan and had failed to demonstrate that the Child could be safely returned to her care. The juvenile court ordered termination of reunification services and changed the Child's permanency goal to adoption. The Mother appealed this order. The court of appeals determined that because the order was not final and appealable, it lacked jurisdiction. We granted certiorari to determine whether the juvenile court's order terminating reunification services and setting a permanency goal of adoption was a final, appealable order. We agree with the court of appeals and hold that it was not.

## ANALYSIS

¶ 2 The Utah Rules of Appellate Procedure allow a party to appeal from "all final orders and judgments." Utah R.App. P 3(a). In this case, the court of appeals determined that it lacked jurisdiction due to the absence of a final, appealable order. *C.M.F. v. State (State ex rel. A.F.)*, 2006 UT App 200, ¶ 17, 138 P.3d 65. We review the court of appeals' conclusions of law for correctness. *Hardinger v. Scott (State ex. rel. B.B.)*, 2004 UT 39, ¶ 5, 94 P.3d 252.

¶ 3 This court has explained that "'[t]he finality of an order in juvenile proceedings is determined the same way as the finality of an order in other courts.'" *Office of the Guardian ad Litem v. H.M. (State ex rel. S.M.)*, 2007 UT 21, ¶ 18, 154 P.3d 835 (quoting *State ex rel. M.W.*, 2000 UT 79, ¶ 25, 12 P.3d 80). "A final order is one that ends the current juvenile proceedings, leaving no question open for further judicial action." *Id.* (internal quotation marks omitted). The question of whether an order is final and appealable is determined by the "substance and effect" of the order. *See Cahoon v. Cahoon*, 641 P.2d 140, 142 (Utah 1982). In the child welfare arena, the determining factor in deciding if an order is final and appealable is whether it effects a change in the permanent status of the child. For example, termination of parental rights is final and appealable because it constitutes a change in the child's status in that it changes the child's legal relationship with his or her parents. *Cf. D.A. v. State (In the Interest of W.A.)*, 2002 UT 127, ¶ 22, 63 P.3d 607 (explaining that "parental termination proceedings clearly involve the determination of a child's status vis-a-vis its parents").

¶ 4 Thus, an order resulting from a permanency hearing is final and appealable only if it effects a change in the status of the child. In this case, the permanency hearing resulted in the juvenile court's order terminating reunification services and changing the Child's permanency goal to adoption. It did not constitute a final, appealable order because it did not affect the status of the Child and served only as an interim determination made in anticipation of additional proceedings. The Child remained in the State's

custody and continued to have legal ties to the Mother. Further judicial action was required to effect a change in the Child's permanent status.

■ ¶ 5 The purpose of the permanency hearing is "to compel the end of the period during which a child is in legal limbo" and "mov[e] the case toward the ultimate goal of providing permanency for abused, neglected, and dependent children." *State v. J.N. (State ex rel. J.N.),* 960 P.2d 403, 407–08 (Utah Ct.App.1998). At the permanency hearing, the court must first determine whether the child may be safely returned to the parent's custody. Utah Code Ann. § 78–3a–312(2)(a) (Supp.2006). If the court determines that the child cannot be safely returned to the parent or guardian, it must generally terminate reunification services[1] and make a determination regarding the final plan for the child. *Id.* § 78–3a–312(4)(a). If reunification is not appropriate, the court's final plan for the child may be adoption, guardianship, kinship placement, or another permanent living arrangement. *Id.* § 78–3a–312(4)(a), (b).

¶ 6 Despite its name, a permanency hearing does not always result in an order that affects the permanent status of the child. Some permanency hearings, as in the instant case, result in orders that merely set a direction for the remainder of the proceedings and clearly anticipate further judicial action. On the other hand, some will result in orders that do affect the permanent status of the child. For example, in *S.M.* the Guardian ad Litem appealed an order that ended reunification services, terminated the Division's custody, and returned the children to the custody of the mother. *State ex rel. S.M.,* 2007 UT 21, ¶¶ 1, 17, 154 P.3d 835. We concluded that this decision was final and appealable because "it terminate[d] the custody of [the Division] and award[ed] custody to [the] Mother-finally implementing the permanency goal set for the children." *Id.* ¶ 19. The effect of the juvenile court's decision in *S.M.* was to immediately implement a change in the permanent status of the children, and

thus the decision required no further judicial action to be final. Similarly, an order that implements a final custody arrangement, such as guardianship or kinship placement, changes the child's status and may be appealed.

¶ 7 In contrast, the effect of the permanency hearing decision in this case was only to reorient the focus of the remaining proceedings toward adoption as a final permanency goal. The order terminating reunification services and changing the permanency goal left the Child's status unchanged and unresolved and therefore was not a final determination of the Mother's rights or the Child's status.

¶ 8 After reunification services were terminated, the Mother could still have regained custody of the Child by taking steps to show fitness and petitioning the court for custody at any time prior to termination of her parental rights. "Although it may be a difficult feat to accomplish, the [Mother] may still [have been] able to change circumstances such that" the court may have returned the Child to her custody. *State ex rel. J.N.,* 960 P.2d at 408 n. 8. "Although the State no longer provide[d] reunification services to the family, the family [could] still be reunified." *Id.* Further judicial action was required to effect a change in the Child's permanent status.

¶ 9 Likewise, setting the Child's permanency goal as adoption did not constitute an actual change in his status because adoption could not be accomplished without further judicial action to terminate the Mother's parental rights. The court's decision establishing a new permanency goal was "not final because [it made] an interim determination pending additional proceedings." *State ex rel. S.M.,* 2007 UT 21, ¶ 18, 154 P.3d 835. A mere change in a permanency goal or the creation of a "final plan" did not affect the Child's status in the absence of further action taken to realize the goal or implement the plan.

---

1. The court may extend reunification services for up to ninety days if the parent has substantially complied with the service plan, reunification is probable within the extension period, and the extension is in the best interest of the child. Utah Code Ann. § 78–3a–312(4)(d)(Supp.2006).

¶ 10 Interim orders such as this are not appealable, but they may still be reviewable as a part of subsequent proceedings. For instance, findings from a permanency hearing may be reviewed on appeal from a termination decision if the trial court relied on those findings at the termination trial using the proper standard of proof. While orders that do not affect the status of the child are not immediately appealable as a matter of right, they are not rendered completely unreviewable. Discretionary review may be sought through a petition for interlocutory appeal. *See* Utah R.App. P. 5.

## CONCLUSION

¶ 11 We hold that the juvenile court's order terminating reunification services and setting a final permanency plan of adoption was not a final, appealable order. Therefore, we affirm the decision of the court of appeals dismissing the Mother's appeal for lack of jurisdiction.

¶ 12 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM'S opinion.