2008 UT App 423

**STATE of Utah, in the interest of A.K., E.K., A.K., and L.K., persons under eighteen years of age.**

**R.K.G., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20080750–CA.**

Court of Appeals of Utah.

Nov. 28, 2008.

Julie George, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., John M. Peterson, and Carol L.C. Verdoia, asst. attys. gen., Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before GREENWOOD, P.J., THORNE, Associate P.J., and ORME, J.

## MEMORANDUM DECISION

PER CURIAM:

¶1 R.K.G. (Mother) appeals the termination of her parental rights. The Guardian Ad Litem (the GAL) moves to dismiss the appeal for lack of jurisdiction.

 ¶2 Mother filed a timely notice of appeal after termination of her parental rights to all four of her children. However, the GAL argues that the August 25, 2008 order terminating Mother's rights is not final and appealable insofar as it pertains to the two youngest children because the parental rights of D.G. (Father) have not been terminated. The GAL cites as support the Utah Supreme Court's decision in *In re A.F.*, 2007 UT 69, 167 P.3d 1070, which affirmed our decision in *In re A.F.*, 2006 UT App 200, 138

P.3d 65. The GAL concedes that the termination order is final as to Mother's two older children. When the juvenile court terminated Mother's rights, the goal for the two younger children remained reunification with Father. The GAL argues that we lack jurisdiction over Mother's appeal until after disposition of "an anticipated termination petition against their Father."

 ¶ 3 *In re A.F.*, 2006 UT App 200, 138 P.3d 65, held that a permanency order terminating reunification services and setting a goal of adoption was not appealable. However, we noted that "[s]ome permanency orders end the case as a practical matter and, thus, are clearly final and appealable." *Id.* ¶ 10. "Examples of such orders might include ... [those] that otherwise relieve a party from further litigation." *Id.* Orders that are not final and appealable are those that "otherwise leave parental status unresolved." *Id.* The Utah Supreme Court affirmed our decision in *A.F. See In re A.F.*, 2007 UT 69, 167 P.3d 1070. In support of its holding, the supreme court stated:

> In the child welfare arena, the determining factor in deciding if an order is final and appealable is whether it effects a change in the permanent status of the child. For example, termination of parental rights is final and appealable because it constitutes a change in the child's status in that it changes the child's legal relationship with his or her parents.

*Id.* ¶ 3.

¶ 4 We have jurisdiction to consider the merits of Mother's appeal from the order terminating her parental rights to all of her children. First, applying our decision in *In re A.F.*, we conclude that the order "completely determin[ed] Mother's rights," 2006 UT App 200, ¶ 12, and relieved her "from further litigation," *id.* ¶ 10. Thus, the order did not "leave [her] parental status unresolved." *Id.* Application of the Utah Supreme Court's decision in *In re A.F.* also demonstrates that the order terminating Mother's rights is final and appealable. The supreme court stated that "termination of parental rights is final and appealable because it constitutes a change in the child's status in that it changes the child's legal

relationship with his or her parents." *In re A.F.*, 2007 UT 69, ¶ 3, 167 P.3d 1070. As a result of the termination order, these children no longer "have legal ties to the Mother," and no "[f]urther action [is] required to effect a change in the [c]hild's permanent status." *Id.* ¶ 4. The GAL's jurisdictional argument cannot be supported by a fair reading of either *In re A.F.* or *In re W.A.*, 2002 UT 127, 63 P.3d 607. *In re W.A.* held that the Utah juvenile court had personal jurisdiction over a parent incarcerated out of state "because a parental termination proceeding involves the 'status' of a child vis-a-vis its parents" and the exercise of jurisdiction over the out-of-state parent "comport[ed] with Fourteenth Amendment due process requirements." *Id.* ¶ 47. The GAL argues that under *In re W.A.* there can be no final, appealable judgment until a child's status is determined as to both parents. *In re W.A.* did not address finality for purposes of appeal, and the GAL's reliance on that opinion is misplaced. Accordingly, we deny the GAL's motion to dismiss Mother's appeal for lack of jurisdiction.

 ¶ 5 Mother's appeal makes no credible challenge to the termination order. The petition on appeal concedes that the juvenile court's findings of fact and conclusions of law "are correct as to both law and fact." Mother contends that "her love and devotion to her children should counter any facts presented in the Court's ruling that seem to support termination of her parental rights." We overturn the juvenile court's decision "only if it either failed to consider all of the facts or considered all of the facts and its decision was nonetheless against the clear weight of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.* Because Mother demonstrates no error in the juvenile court's findings of fact, conclusions of law, or termination order, we affirm.