IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of A.M. and K.A.M., persons under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) | Case No. 20110963-CA |
| | ) | |
| K.D., | ) | F I L E D |
| | ) | (March 29, 2012) |
| Appellant, | ) | |
| | ) | 2012 UT App 92 |
| v. | ) | |
| | ) | |
| State of Utah, | ) | |
| | ) | |
| Appellee. | ) | |

-----

Fourth District Juvenile, Provo Department, 1034509
The Honorable Suchada P. Bazzelle

Attorneys:    Grant Dickinson, Provo, for Appellant
              Mark L. Shurtleff, Carol L.C. Verdoia, and John M. Peterson, Salt Lake
              City, for Appellee
              Martha Pierce, Salt Lake City, Guardian Ad Litem

-----

Before Judges McHugh, Davis, and Christiansen.

¶1      K.D. (Father) appeals the juvenile court's order terminating his parental rights to his children, A.M. and K.A.M.  Father argues that the district court erred in failing to require the State to provide him with certain information regarding the mother of the children during her reunification services.  Father asserts that the failure to provide him with such information resulted in a denial of his due process rights.

¶2     Utah Code section 78A-6-317(5)(a) sets forth that "notwithstanding any other provision of law . . . counsel for all parties to the action shall be given access to all records, maintained by the division or any other state or local public agency that are relevant to the abuse, neglect, or dependency proceeding." Utah Code Ann. § 78A-6-317(5)(a) (LexisNexis Supp. 2011). Father argues that under this provision the Division of Child and Family Services (DCFS) was required to provide him with all information in its possession concerning the mother's reunification efforts, including all references to the mother's mental health and drug treatment records. He further argues that DCFS's failure to provide him with such information prejudiced him because if he had been provided with such information he would have taken more substantial efforts to obtain custody of the children. As a result, Father asserts that the district court erred in denying his eve-of-trial motion to compel the production of the records and to continue the trial.

¶3     Even if this court were to assume for the sake of argument that DCFS could produce the requested documents without violating federal or state law concerning the protection of the mother's confidentiality, the records were not relevant to the petition to terminate Father's parental rights.[1] The petition was based upon Father's conduct regarding both the circumstances that led to the children being adjudicated as abused and neglected and the lack of progress he made to remedy those circumstances. The mother's mental health records are not relevant to that determination. Father argues that the records were relevant because, had he known that the mother was at risk for not regaining custody of the children, he might have worked harder to comply with the suggestions set forth for him in the service plan. Father's argument is misplaced for two reasons.

¶4     First, it is axiomatic that once a child is placed into DCFS's custody due to the abuse or neglect of the child's parents, it is incumbent upon each parent, individually, to take those steps necessary to cure the problems that led to the loss of his or her custody. One parent's success or failure does not necessarily affect the success or failure of the other parent. *Cf. In re A.K.*, 2008 UT App 423, ¶ 4, 198 P.3d 1001 (mem)(per curiam) (holding that court of appeals had jurisdiction to review an order

---

[1]Federal law prohibits the wrongful disclosure of individually identifiable physical and mental health information, subject to some exceptions. *See* 42 U.S.C. § 1320d-6.

terminating the mother's parental rights even though the petition to terminate the father's parental rights had not yet been adjudicated). As such, it is entirely possible that one parent may successfully regain custody of the child, while the other parent's rights to that child are terminated, especially when the parents are not married and there is a history of domestic abuse. Accordingly, Father knew or should have known from the date the children were removed that he was at risk of losing his parental rights regardless of the mother's independent efforts in seeking reunification.

¶5 Second, the timing of Father's request for the records made them even less relevant to the proceedings. Father's argument for access to the records is premised on his position that if he been given access to records allegedly showing that the mother's mental health would have made it difficult for her to regain custody of the children, he would have taken more steps to regain custody of the children himself. However, by the time Father requested the documents, a few scant weeks before trial, the mother had died, thereby putting Father on notice that he must make independent efforts to gain custody of his children. Consequently, by the time Father sought the records, they were irrelevant to his decision to make the efforts necessary to become an adequate parent.

¶6 Because we agree with the juvenile court that the mental heath records of the children's deceased mother were irrelevant to Father's fitness as a parent, we conclude that neither the statute nor Father's due process rights were violated. The juvenile court's order terminating Father's parental rights is affirmed.


_____

Carolyn B. McHugh,
Presiding Judge


_____

James Z. Davis, Judge


_____

Michele M. Christiansen, Judge