**2015 UT App 269**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.C. AND H.A.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

T.C.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150618-CA
Filed November 12, 2015

Fourth District Juvenile Court, Provo Department
The Honorable Brent H. Bartholomew
No. 1088512

Erik G. Jacobson, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
JOHN A. PEARCE.

PER CURIAM:

¶1     T.C. (Mother) appeals the termination of her parental
rights in J.C. and H.A. Mother asserts that there was insufficient
evidence to support the juvenile court's determination that she
was an unfit parent.

¶2     "[I]n order to overturn the juvenile court's decision [to
terminate a person's parental rights,] 'the result must be against
the clear weight of the evidence or leave the appellate court with

a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3    Mother asserts that there was insufficient evidence to support the juvenile court's determination that she was an unfit parent.[1] A parent may be found to be unfit or incompetent, if the juvenile court finds any of the factors delineated in Utah Code § 78A-6-507(1) to be true by clear and convincing evidence. *See* Utah Code Ann. § 78A-6-506(3) (LexisNexis 2012). Of these factors, the juvenile court shall consider whether a parent is unfit due to his or her repeated failure to provide a child with adequate housing. *See id.* § 78A-6-508(2)(d).

¶4    The record supports the juvenile court's determination that Mother is an unfit parent. Mother repeatedly failed to

---

1. Mother also asserts that there was insufficient evidence to support the juvenile court's alternative grounds for terminating her parental rights. However, because the record supports the juvenile court's determination that Mother was an unfit parent, we need not review the alternate grounds supporting the termination of her parental rights. *See In re F.C.*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights).

provide adequate housing for her children.[2] Mother and the children lived in a home with methamphetamine and marijuana, which was the subject of a raid by Metro SWAT. Mother's poor housing decisions have exposed her children to illicit drug use and to the serious risk of harm. Despite the Division of Child and Family Services's efforts to assist Mother in obtaining appropriate housing, Mother has repeatedly failed to obtain appropriate housing.

¶5     The record supports the juvenile court's determination that Mother repeatedly failed to provide safe, stable, housing for her children and that Mother was an unfit parent due to her repeated failure to provide proper housing for the children. Because a foundation for the juvenile court's decision exists in the evidence, we have no occasion to reweigh the evidence. *See In re B.R.*, 2007 UT 82, ¶ 12.[3]

¶6     Affirmed.

———————

2. This court previously affirmed the juvenile court's determination that Mother's failure to provide appropriate housing for her children had been an ongoing issue. *See In re D.L.*, 2015 UT App 156, ¶ 4, 353 P.3d 619.

3. If the juvenile court determines that there are sufficient grounds to terminate parental rights, in order to actually do so, the juvenile court must next find that the best interest and welfare of the child are served by terminating the parent's parental rights. *See In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Although Mother does not challenge the juvenile court's determination that it was in the children's best interests to terminate her parental rights, we have independently reviewed the record, and the record supports such determination.