**2019 UT App 151**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF N.S.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

C.S.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20190555-CA
Filed September 12, 2019

Second District Juvenile Court, Farmington Department
The Honorable Sharon S. Sipes
No. 1172135

Jason B. Richards, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N.
MORTENSEN, and RYAN M. HARRIS.

PER CURIAM:

¶1　C.S. (Father) appeals a disposition order that denied him reunification services and set a primary permanency goal of adoption. The Guardian ad Litem (GAL) moves to dismiss this child welfare appeal, arguing that it is not taken from a final appealable order. Father opposes dismissal. The State did not respond to the motion to dismiss, but it filed a response to the

petition on appeal stating that it disagrees with the GAL's position on jurisdiction.[1]

¶2      The juvenile court entered an adjudication order on June 19, 2019, which was based upon the Father's admissions under rule 34(e) of the Utah Rules of Juvenile Procedure. The juvenile court placed N.S. in the custody and guardianship of the Division of Child and Family Services (DCFS) for appropriate placement, after finding that N.S. was a neglected child as provided in Utah Code section 78A-6-105(39karent)(a)(iv). *See* Utah Code Ann. § 78A-6-105(39)(a)(iv) (LexisNexis Supp. 2019) (defining "neglect" as "action or inaction causing. . . a child to be at risk of being neglected or abused because another child in the same home is neglected or abused"). DCFS prepared a proposed Child and Family Plan for consideration by the juvenile court because Father and the child's mother (Mother) wanted to regain custody of N.S. and had advised the DCFS caseworker that they were willing to participate in services to get N.S. back. The proposed plan outlined possible services for a permanency goal of reunification and a concurrent goal of adoption.

¶3      At the dispositional hearing held on June 18, 2019, the juvenile court reviewed the proposed Child and Family Plan submitted by DCFS and issued a written disposition order that same day. In that order, the juvenile court found that Father's repeated sexual abuse of A.S.—a sibling of N.S.—constituted "a threat of serious harm" to N.S., "who is a vulnerable female child residing in the same home." The juvenile court considered whether services would be appropriate before ruling that the "Child and Family Plan is moot" regarding N.S., "in light of the Court's order that reunification will not be offered." On July 2,

---

1. This disagreement between the State and the GAL is also the subject of the State's pending petition for certiorari in *In re J.J.,* Case No. 20190571-SC.

2019, Father filed a notice of appeal from the disposition order, which he incorrectly characterized as terminating juvenile court jurisdiction over the child welfare case and placing custody of the child with a relative. On August 2, 2019, the State filed a petition to terminate Father's parental rights as a prerequisite to effectuating the permanency goal of adoption.

¶4    The GAL moved to dismiss this appeal, arguing that a disposition order denying reunification services and setting a permanency goal of adoption was not final and appealable. The GAL notes that Father did not appeal the adjudication order, which was based upon his rule 34(e) admissions. *See* Utah R. Juv. P. 34(e) (providing that a respondent may answer a petition by neither admitting nor denying the allegations and that any allegations not specifically denied "shall be deemed true"). The GAL cites *In re A.T.*, 2015 UT 41, 353 P.3d 131, for the proposition that a parent may object to the lack of reunification services at the termination hearing "because the earlier dispositional hearing was neither final nor appealable." *Id.* ¶ 13.

¶5    Father and the State argue that this court has previously determined that dispositional orders such as the denial of reunification services for a parent are final and appealable as a matter of right, citing *In re S.A.K.*, 2003 UT App 87, 67 P.3d 1037. In *In re S.A.K.*, the juvenile court issued a memorandum decision finding the child to have been sexually abused. *Id.* ¶ 5. After a disposition hearing roughly one month later, the juvenile court entered an "Adjudication/Disposition Order," which included findings that the child was abused and neglected and placed the child in the custody of relatives. *Id.* ¶ 6. Mother appealed, seeking to raise issues regarding the adjudication hearing. *Id.* ¶ 7. The GAL argued that this court lacked jurisdiction because Mother failed to timely appeal the earlier adjudication decision. *Id.* ¶ 10. This court compared the adjudication and the disposition in child welfare cases to the conviction and the sentencing in criminal cases. *See id.* ¶ 14. "Consequently, an

appeal from a disposition order should be sufficient to allege errors occurring in the adjudication proceedings, just as an appeal after sentencing in a criminal case may allege errors in the trial as well as sentencing." *Id.* Thus, this court concluded it had jurisdiction over Mother's appeal of a ruling during the adjudication hearing because she timely filed a notice of appeal after the disposition hearing order. *Id.* ¶ 15.

¶6 In our view, this case is factually distinguishable from *In re S.A.K.* In *In re S.A.K.*, this court allowed an appeal of the adjudication based upon a notice of appeal filed after what appears to have been a combined adjudication and disposition order. In contrast, Father in this appeal does not challenge the adjudication, which was based upon his rule 34(e) admissions, and instead he challenges the subsequent denial of reunification services and the setting of a permanency goal of adoption at the disposition hearing.

¶7 Furthermore, after this court's 2003 decision in *In re S.A.K.*, the Utah Supreme Court articulated a test for determining which orders in a child welfare case are final and appealable as a matter of right. *See In re A.F.*, 2007 UT 69, ¶4, 167 P.3d 1070. An order in a child welfare case is final and appealable "only if it effects a change in the status of the child." *Id.* An order that does not effect a change in a child's permanent status and serves "only as an interim determination made in anticipation of additional proceedings" is not final and appealable. *Id.*; *see also In re K.F.*, 2009 UT 4, ¶¶ 37–42, 201 P.3d 985 (applying test for finality); *In re A.T.*, 2015 UT 41, ¶ 13, 353 P.3d 131 (same). "All other orders may be appealed at the discretion of the appellate court as interlocutory appeals." *In re K.F.*, 2009 UT 4, ¶ 35.

¶8 Applying the case law to the facts of this case, the disposition order denying reunification services and setting a permanency goal of adoption is not final and appealable because

it does not effectuate "a permanent change in the child's status," *id.* ¶ 38, and further proceedings are necessary to effectuate the goal of adoption, *see id.* ¶ 39. Father can request reunification services or demonstrate parental fitness at any time before termination. *See In re A.F.*, 2007 UT 69, ¶ 8. "A mere change in a permanency goal or the creation of a 'final plan' [does] not affect the Child's status in the absence of further action taken to realize the goal or implement the plan." *Id.* ¶ 9; *see also In re A.T.*, 2015 UT 41, ¶ 13 ("In many cases, these hearings result in orders that merely set a direction for the remainder of the proceedings, and the parties are still able to regain custody by taking steps to show fitness and petitioning the court for custody at any time prior to termination of their parental rights." (quotation simplified)).

¶9      Accordingly, we grant the motion to dismiss this appeal for lack of jurisdiction, without prejudice to a timely appeal taken from a final appealable order.

_____